UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **CURTIS TYRONE ELLISON,** | ) | |
| | ) | |
| **Petitioner** | ) | |
| | ) | |
| v. | ) | No. 2:05cv0392AS |
| | ) | |
| **ED BUSS, Superintendent, Indiana** | ) | |
| **State Correctional Facility,** | ) | |
| | ) | |
| **Respondent** | ) | |

*MEMORANDUM OPINION AND ORDER*

This case is from the Hammond division of this court, but under the present arrangement of things it is the responsibility of the undersigned judge. On or about October 31, 2005, *pro se* petitioner, Curtis Tyrone Ellison, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. The Response filed on behalf of the respondent by the Attorney General of Indiana on February 13, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed an extensive 27-page Traverse on May 9, 2006, which is in excellent legal form, greatly appreciated here. Additionally, the petitioner filed a notice of additional authorities on May 30, 2006, specifically directing this court's attention to *Lockheart v. Hulik*, 443 F.3d 927 (7th Cir. 2006). In immediate response to the filing of May 30, 2006, this court secured the official copy of the *Lockheart* case and examined it carefully. With all deference, neither the factual setting nor the reasoning and result of the opinion of Judge Easterbrook

requires the granting of relief to this petitioner here.

In 1998, the petitioner was convicted in a state court, namely Lake County, Indiana, of murder and two counts of attempted murder. The Court of Appeals of Indiana affirmed the aforesaid conviction in a published opinion, *Ellison v. State*, 717 N.E. 2d 211 (Ind. App. 1999). As a facial examination of the aforesaid Court of Appeals opinion will clearly demonstrate, the total sentence of this defendant was restructured on remand by the state trial court to a 65-year sentence. The Supreme Court of Indiana denied transfer, and it is to be noted that the only issue presented on the petition for transfer was prosecutorial misconduct. The petitioner returned to the state trial court seeking post-conviction relief under state law which was denied in May 2004 in an unpublished memorandum decision of the Court of Appeals of Indiana, authored by Judge Baker and concurred in by Chief Judge Kirsch and Judge Barnes. For the immediate reference of all concerned, the memorandum decision is marked as Appendix "A", attached hereto and incorporated herein.

According to the Attorney General of Indiana, once again the petitioner sought transfer to the Supreme Court of Indiana and raised issues of ineffective assistance of counsel including issues regarding instructions on lesser included offenses which the Supreme Court of Indiana denied on August 11, 2004. Thus, there appears to be compliance with the basic mandates, at least as to some issues, under *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

As a basic preliminary, there are twin unanimous decisions of the Supreme Court of the United States that are of some moment. *See Woodford v. Visciotti*, 537 U.S. 19 (2002),

and *Early v. Packer*, 537 U.S. 3 (2002). *See also Bell v. Cone*, 543 U.S. 447 (2005), *reversing Cone v. Bell*, 359 F.3d 785 (6th Cir. 2004). More recently with regard to the relevance of the state court record, *see Rice v. Collins*, 125 S.Ct. 969 (2006). In this circuit, *see Charlton v. Davis*, 439 F.3d 369 (7th Cir. 2006). It is also basic and elementary that the focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). Issues regarding ineffective assistance of counsel in post-conviction proceedings in state court are generally off limits to such claims under *Strickland v. Washington*, 466 U.S. 668 (1984) *See Pennsylvania v. Finley,* 481 U.S. 551 (1987). Under the relevant federal statute, this petitioner has the burden of rebutting a presumption of correctness by the actions of the state court and to do so by clear and convincing evidence. 28 U.S.C. §2254(e)(1). In spite of the high quality of his presentation in his Traverse, he has simply failed to do so. He must be complimented for the thoroughness of his research and extensive nature of his citation of authority. The published opinion of Judge, now Chief Judge Kirsch at 717 N.E. 2d is likewise an extensive opinion which literally bristles with the citation of relevant authority. With no disrespect meant to anyone, it appears that now Chief Judge Kirsch and his colleagues in the Indiana Court of Appeals got the issue correct.

It is of no small moment that the Supreme Court of Indiana has now had two different opportunities to deal with issues emanating from this case. When the case went back to the Court of Appeals of Indiana again in 2005, yet another panel of that court which included now Chief Judge Kirsch as well as Judge Barnes again gave extensive consideration focusing

3

on the effectiveness of defense counsel under the Sixth Amendment as enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984) and, once again, got it right. For a very recent object lesson in the correct approach to this type of issue here, see *Taylor v. Bradley, Warden*, No. 04-4061 (7th Cir. May 22, 2006). An extended quotation from that recent decision is very helpful to set the exact standard that applies here now that AEDPA is in effect. Certainly, prosecutorial misconduct is something to worry about in both state and federal criminal prosecutions. *See United States v. Hasting*, 461 U.S. 499 (1983). It is of no small matter that the Court of Appeals of Indiana did in fact analyze this claim under state law fundamental error. This court is not here bottoming any decision on harmless error and it is disinclined to bottom a decision o procedural default although that one may have merit. The conduct of the prosecutor in this case did not so infect this trial with unfairness so as to make the resulting conviction a denial of due process. *Lambert v. McBride*, 365 F.3d 557 (7th Cir. 2004).

This court is in agreement with the Court of Appeals of Indiana that the prosecutor's comments in closing argument calling this petitioner a murderer may have crossed the boundary permitting zealous advocacy. In 1935 in *Berger v. United States*, 295 U.S. 78 (1935), Justice George Sutherland admonished that the United States attorneys who performed very valuable societal functions could strike hard blows but not foul ones. Given the nature of the evidence here relating to the conduct of this petitioner, it was not out of bounds for the prosecutor to call this petitioner a murderer. The result reached by the Court

4

of Appeals here was compatible with *Berger* and the other Supreme Court decisions since it, especially those enunciated since the effective date of the AEDPA in 1996 which was extended by a judicially created period of grace to April 24, 1997. *See Newell v. Hanks,* 283 F.3d 827 (7th Cir. 2002). Certain issues regarding sentencing certainly may implicate the Eighth Amendment of the Constitution of the United States. *See Harmelin v. Michigan*, 501 U.S. 957 (1991). However, the issue regarding consecutive sentences was simply not raised in the Supreme Court of Indiana and under *O'Sullivan*, cannot be argued here.

The more general claim regarding ineffective assistance of counsel failed in the eyes of the Court of Appeals of Indiana and should fail here under the reasoning of the more recent case of *Taylor*.

This court cannot conclude here without returning in admiration to the highly appealing way in which this pro se petitioner has presented his extensive brief. It is one of the best of its kind that this court has ever read. Obviously he raises some issues that were not preserved in the state courts, and under the prevailing current law, with all deference, he has failed to state a basis for relief under 28 U.S.C. §2254. His petition is **DENIED**. **IT IS SO ORDERED**.

**DATED:** June 2, 2006

            **S/ ALLEN SHARP**
            **ALLEN SHARP, JUDGE**
            **UNITED STATES DISTRICT COURT**