UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CURTIS ELLISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:05-CV-392 AS |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

On June 26, 2006, Mr. Ellison filed a Notice of Appeal and a Motion for Certificate of Appealability ("CA"). When applying for a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (quoting *Stewart v. Beto*, 454 F.2d 268, 270 n.2 (5th Cir. 1971), *cert. denied*, 406 U.S. 925 (1972)). *See also Stuart v. Gagnon*, 837 F.2d 289 (7th Cir. 1987). Congress established this requirement in order to prevent frivolous appeals from delaying a state's ability to impose sentences. *Barefoot v. Estelle*, 463 U.S. at 892. The court's discretion on whether to grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals. *Id*. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (quoting *Gordon v. Willis*, 516 F.Supp. 911, 913 (N.D.Ga. 1980)). *See also United States ex rel. Calhoun v. Pate*, 341 F.2d 885 (7th Cir.), *cert. denied*, 382 U.S. 945 (1965).

Mr. Ellison's petition raised three claims. The first, prosecutorial misconduct based on

closing argument, was denied because it was waived at the state court level, and therefore defaulted in this court. His second claim regarding his sentence is also barred by procedural default because it was not raised to the state supreme court, nor did he allege that the sentence violated federal law. Finally, he alleged ineffective assistance of trial counsel. This claim was denied because like the state courts, this court found that his trial counsel was not ineffective under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984).

None of the issues presented to the court make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan,* 45 F.3d. 1040 (7th Cir. 1995). Accordingly, petitioner's application for a Certificate of Appealability pursuant to Rule 22(b), Federal Rules of Appellate Procedure, is hereby **DENIED** because the petitioner has not made a substantial showing of the denial of a Constitutional right. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, "the applicant for the writ may then request issuance of the certificate by a circuit judge."

Mr. Ellison's motion for leave to proceed *in forma pauperis* on appeal. Mr. Ellison's petition was dismissed, and this certificate of appealability denied, because his petition was without merit. Therefore this appeal is not taken in good faith. *See Walker v. O'Brien*, 216 F.3d 626,632 (7th Cir. 2000). Accordingly, the motion to proceed in forma pauperis is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 8, 2006**

      **S/ ALLEN SHARP**
      **ALLEN SHARP, JUDGE**
      **UNITED STATES DISTRICT COURT**